# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**OTIS D. GIPSON**  **PETITIONER**
**ADC #080856**

v.  Case No. **4:19-CV-00849-BRW-JTK**

**DEXTER PAYNE,** *Director*,
**Arkansas Department of Correction**  **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSTION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## **Introduction**

Pending before the Court is the Petition for Writ of Habeas Corpus, (DE # 2) filed by Petitioner, Otis D. Gipson, an inmate in the Arkansas Department of Correction (ADC). For the reasons outlined below, the undersigned recommends the petition be denied and the case dismissed with prejudice.

Petitioner was found guilty of two counts of rape by a Pulaski County Circuit Court jury. He was sentenced as a habitual offender to concurrent 35-year terms in the Arkansas Department of Correction. Petitioner directly appealed his convictions to the Arkansas Court of Appeals. On appeal, he argued (1) the trial court erred in prohibiting his counsel from questioning a witness about the presence of another man's semen on one of the

victim's bed sheets and (2) the circuit court erred in allowing evidence of Petitioner's prior felonies in the sentencing phase. *Gipson v. State*, 2013 Ark. App. 651. His convictions were upheld by the court of appeals on November 6, 2013. *Id.* The mandate was issued on November 26, 2013. (DE # 11-6 p. 4)

On November 24, 2015, Petitioner filed a petition for post-conviction relief under Arkansas Rule of Civil Procedure 37 in Pulaski County Circuit Court. (DE # 11-7) The circuit court dismissed the petition on June 22, 2016, holding that the petition was untimely because it was filed more than sixty (60) days after the return of the mandate; therefore, it lacked jurisdiction to consider the merits of the petition. (DE # 11-8) Petitioner did not appeal the circuit court's denial of his Rule 37 petition.

Subsequently, Petitioner filed a state habeas petition on January 22, 2018, seeking DNA testing. (DE # 11-9 pp. 6-15) The Pulaski County Circuit Court dismissed the petition on September 11, 2018. (DE #11-12) Petitioner filed a Motion for Reconsideration on September 19, 2018, and the circuit court entered an order on October 11, 2018, denying the motion. (DE #11-15) On November 7, 2018, Petitioner filed a Notice of Appeal. (DE # 11-16) The Arkansas Supreme Court held on October 31, 2019, that Petitioner's state habeas petition was untimely and because he failed to rebut the presumption of untimeliness, the court affirmed the dismissal of the petition. (DE # 11-19)

Petitioner filed his federal writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on November 29, 2019. (DE # 2) Respondent filed a Response to the petition on February

19, 2020. (DE # 11) Respondent denies he is entitled to habeas corpus relief, submitting the claim is time-barred and procedurally defaulted. *Id*.

## Discussion

1.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year time limitation for a state prisoner to file a federal habeas corpus petition. *Jimenez v. Quarterman*, 555 U.S. 113, 114 (2009). The year runs from the latest of four specified dates." *Id.* (citing 28 U.S.C. § 2244(d)(1)). The date relevant here is "'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Id.* (citing 28 U.S.C. § 2244(d)(1)(A)). Arkansas Supreme Court Rule 2-4(a) states that the time for seeking discretionary review expires eighteen (18) days after the Arkansas Court of Appeals issues its decision. Here, the Arkansas Court of Appeals affirmed Petitioner's convictions on November 6, 2013; therefore, he had until Monday, November 26, 2013, to seek review by the Arkansas Supreme Court.[1] From there, Petitioner was required to file his federal habeas petition by November 26, 2014. Petitioner, however did not file the current petition until November 29, 2019, nearly five (5) years after the filing date had passed. Therefore, the federal petition for writ of habeas corpus is time barred unless statutory or equitable tolling applies.

The habeas statute, 28 U.S.C. § 2244(d)(2), provides for tolling while a "properly filed application for State post-conviction or other collateral review with respect to the

---

[1] Because the eighteenth day fell on Sunday, November 25, 2013, the time for filing such action is extended to the next business day. *See* Ark. R. App. P. Crim. 17.

4

pertinent judgment or claim is pending," however, section 2244(d)(2) does not offer any relief to Petitioner. The AEDPA's one-year statute of limitations had already run when the Petitioner filed his Rule 37 petition on November 24, 2015; therefore, the filing did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2).

There is also no argument or indication that any of the statutory exceptions to the one-year period of limitation apply. *See* 28 U.S.C. § 2244(d)(1)(B)-(D) (explaining that the limitations period will be tolled in situations where the state impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim). Nor is there any reason to believe that equitable tolling would be appropriate. In *Pace v. DiGuglielmo,* the United States Supreme Court held that a petitioner is entitled to equitable tolling only if he can prove: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance prevented timely filing. 544 U.S. 408, 418 (2005). Petitioner brought the current action nearly five (5) years after the limitations period had expired, and Petitioner has not presented any extraordinary circumstances beyond his control that made it impossible to file his petition on time. Accordingly, the Court finds that Petitioner's petition is time-barred.

2.   Procedural Default

Petitioner's claims are also procedurally defaulted. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1986)). "However, that petitioner's

procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848). Petitioner's Sixth Amendment claims in his Rule 37 petition were dismissed as untimely, and his due process claim was abandoned on appeal; thus, Petitioner no longer has any state remedies available and his claims are procedurally defaulted.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## **Conclusion**

IT IS THEREFORE RECOMENDED the Petition for Writ of Habeas Corpus, (DE # 2), be denied and this habeas case be dismissed, with prejudice. IT IS FURTHER RECOMMENDED a certificate of appealability be denied pursuant to Rule 11 of the Rules Governing Section 2254 Cases.

SO ORDERED THIS 23rd day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE